| T BROWN, C.J.,
Dissenting.
In this medical malpractice case, defendant, Dr. Mamdouh Mickail, moved the trial court to prohibit any mention, by any party, their attorney, or witness, of defendant’s history of substance abuse. The trial court denied the motion, and this writ application followed. Dr. Mickail is a 46-year-old pediatrician who has a long and significant history of alcohol and drug abuse, both before and after the alleged malpractice. In January of 2003, he was in a treatment program at Palmetto Addition Recovery Center (PARC) due to alcohol and hydrocodone use. The gravamen of this malpractice case involves both acts and omissions in the treatment administered by Dr. Mickail to a newborn infant in September 1994. The baby died the next month. A year earlier, in 1993, Dr. Mick-ail was in substance abuse treatment for four and a half months at COPAC. He had relapses in 1997, 2001, 2002 and 2003. It appears from statements in the trial court that Dr. Mickail is no longer in practice. Other than Dr. Mickail’s statements found in substance abuse reports, no evidence was presented by defendant to show that he was not abusing drugs during the care of the infant. The trial court ruled “in light of the fact that this is a physician who takes life into his hands ... I think they (the jury) ought to be able to determine his qualifications and whether he was subject to drugs” at the time he cared for this child. The trial court believed that this evidence was probative and that the jury is capable of discerning the facts and circumstances. I agree.
I question how the majority determined that this evidence was not probative or if of some value, was greatly outweighed by its prejudicial effect. That appears to be a factual finding based only on what Dr. Mickail’s attorney chose to present in his application and even that was redacted.
Thus, I must dissent, respectfully.